IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANA DIAZ and JOSHUA GARRETT, | |
| Plaintiffs, | |
| v. | |
| CITY OF CHICAGO and CHICAGO POLICE OFFICERS R. GONZALEZ, # 8115, and S. JOHNSON, #13358, | |
| Defendants. | JURY TRIAL DEMANDED |

## **COMPLAINT**

NOW COME Plaintiffs, DIANA DIAZ ("DIAZ") and JOSHUA GARRETT ("GARRETT"), by and through their attorney Christopher R. Smith, and complaining of Defendants, CITY OF CHICAGO ("CITY"), and CHICAGO POLICE OFFICERS R. GONZALEZ , # 8115 ("GONZALEZ") and S. JOHNSON, #13358 ("JOHNSON"), stating as follows:

### Introduction

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiffs' Fourth Amendment rights as secured by the United States Constitution.

### Jurisdiction and Venue

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

## The Parties

3. Plaintiff, Diana Diaz, is a resident of Chicago, Cook County, Illinois.

4. Plaintiff, Joshua Garrett, is a resident of Chicago, Cook County, Illinois.

5. Defendant Officers R. Gonzalez, # 8115 and S. Johnson, #13358, ("Defendant Officers") were at the time of this occurrence Chicago Police Officers. They engaged in the conduct complained of while in the scope of their employment and under color of law. They are sued in their individual capacities.

6. Defendant City of Chicago ("City") is a municipal corporation incorporated under the laws of the State of Illinois that operates the Chicago Police Department, and, at all times relevant to the events complained of herein, was the employer of Defendant Officers. The City is sued pursuant to the doctrine of respondeat superior on the pendant State law claims.

## Background

7. On June 14, 2014, Plaintiffs DIAZ and GARRETT were riding their bicycles on South Ashland Avenue near Hastings Street.

8. On June 14, 2014, at or around 1:00 A.M., Plaintiffs' were approached by Defendant Officers who were riding their bicycles on Ashland Street.

9. The officers stopped GARRETT and began questioning him.

10. DIAZ, who was ahead, stopped her bicycle and came to the officers and GARRETT.

11. Not understanding why they were stopped, Plaintiffs asked the officers why they were being stopped.

12. Believing they were not being given any reason to be stopped, let alone ticketed for a bicycle offense, DIAZ called her father who worked in law enforcement. Her father told her not to sign anything without reading it first.

13. Both DIAZ and GARRETT are avid bike riders and have a good understanding of the rules of the road.

14. When an officer said you can't ride on this street, Diaz and Garrett became even more suspicious about the stop.

15. After the police investigated who Diaz and Garrett were, they decided to write a ticket.

16. DIAZ asked to read her ticket before signing the ticket.

17. Diaz indicated that she wanted to see the ticket in the light where she could read it.

18. When she would not immediately sign the ticket, Diaz was grabbed and handcuffed.

19. GARRETT suspecting that they were being treated unfairly and told them he was going to video record them with a phone.

20. When GARRETT did record them, one of the officers snatched at the phone with force and then arrested him.

21. The male officer grabbed the arm of GARRETT and swung him into a fence, causing pain.

22. To hide their actions, the officers conspired to falsely arrest both DIAZ and GARRETT and make false police reports.

23. GARRETT was charged with Battery, Assault, Resisting Arrest and Obstruction.

24. DIAZ was charged with resisting arrest and obstruction of traffic by a motorist.

25. Both Plaintiffs were held in custody for the night.

26. DIAZ was handcuffed to a bench most of the night while held in custody.

27. On July 3, 2014, all of the charges against both DIAZ and GARRETT were *nolle prosequi*.

## COUNT I – 42 U.S.C. § 1983
## Fourth Amendment – False Arrest

28. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

29. As described more fully in the preceding paragraphs, Defendants—acting under color of law—arrested Plaintiffs DIAZ and GARRETT

30. As described more fully in the preceding paragraphs, Defendants did not have probable cause to arrest Plaintiffs.

31. As a result of the Defendant Officers' false arrest, Plaintiffs suffered injuries, including emotional distress.

## Count II – 42 U.S.C. § 1983
## Fourth Amendment – Excessive Force

32. Each of the foregoing paragraphs is incorporated as if restate fully herein.

33. The actions of the Defendant Officers, as detailed above, constitute unreasonable, unjustifiable, and excessive force against Plaintiffs; thus, violating Plaintiffs' rights under the Fourth Amendment to the United States Constitution.

34. As a proximate result of the above-detailed actions of Defendants, Plaintiffs suffered injuries including pain and suffering, emotional distress and mental anguish.

**COUNT III – 42 U.S.C. § 1983**
**Fourth Amendment – Failure to Intervene**

35. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

36. As described more fully in the preceding paragraphs, during the constitutional violations described herein, one or more of the Defendant Officers stood by without intervening to prevent the misconduct described in this Complaint.

37. As a result of the Defendant Officers' failure to intervene, Plaintiffs suffered pain and injury, including emotional anguish, humiliation, fear, anxiety, and the loss of Plaintiffs' liberty, as is more fully described throughout this Complaint.

**COUNT IV – STATE LAW CLAIM**
**Malicious Prosecution**

38. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

39. As more fully stated above, Defendant Officers caused criminal proceedings against Plaintiffs to be commenced with malice, without probable cause, and knowing that Plaintiffs were not guilty of the crime for which they had been charged.

40. Plaintiffs were acquitted of all charges in a manner indicative of Plaintiffs' innocence which fully and finally terminated the case in Plaintiffs' favor.

41. As a direct and proximate result of this illegal and malicious conduct, Plaintiffs have suffered extensive damage, including but not limited to physical, emotional, and economic damages.

**COUNT V – STATE LAW CLAIM**
**Intentional infliction of Emotional Distress**

42. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

43. As described in the preceding paragraphs, the misconduct of the Defendant

Officers toward Plaintiffs was extreme and outrageous.

44. Given the nature of the misconduct, the Defendant Officers committed the misconduct with knowledge that their actions were likely to cause severe emotional distress to Plaintiffs.

45. As a direct and proximate cause of Defendants' misconduct, Plaintiffs have suffered severe emotional distress, including emotional anguish, humiliation, fear, and anxiety.

### COUNT VI – STATE LAW CLAIM
### Indemnification – 745 ILCS 10/9-102

46. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

47. At the time of the events described above, the Defendant Officers were employed by the City of Chicago.

48. The Defendant Officers committed the acts alleged above under color of law and within the scope of their employment as employees of the City of Chicago.

### COUNT VII – STATE LAW CLAIM
### Respondeat Superior

49. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

50. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were employed by and acting as agents of the City of Chicago.

51. Defendant City of Chicago is liable as principal for all torts committed by its agents.

WHEREFORE, pursuant to 42 U.S.C. Section 1983 and applicable state law, Plaintiffs demand judgment against Defendants for compensatory damages and, because the Defendant Officers acted maliciously, wantonly, and/or oppressively, Plaintiffs seek punitive damages against them in their individual capacities, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

PLAINTIFFS DEMAND TRIAL BY JURY.

RESPECTFULLY SUBMITTED,

/s/ Christopher R. Smith
*Attorney for Plaintiffs*

Christopher R. Smith
Christopher Smith Trial Group
One North LaSalle, Suite 3040
Chicago, Illinois 60602
312.432.0400